**Nazim UDDIN, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney**

General of the United States,[1]
Respondent.

No. 07–3361–ag.

United States Court of Appeals,
Second Circuit.

April 14, 2008.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Terri J. Scadron, Assistant Director, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROSEMARY S. POOLER, RICHARD C. WESLEY, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Nazim Uddin, a native and citizen of Bangladesh, seeks review of a July 12, 2007 order of the BIA affirming the December 19, 2005 decision of Immigration Judge ("IJ") Helen Sichel, pretermitting his asylum application and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Nazim Uddin*, No. A96 427 240 (B.I.A. July 12, 2007), *aff'g* No. A96 427 240 (Immig. Ct. N.Y. City Dec. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, Uddin has not challenged the agency's pretermission of his asylum application in his brief to this Court. Issues not sufficiently argued in

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). Accordingly, we will not further consider the pretermission of Uddin's asylum application.

Moreover, we decline to consider Uddin's argument that the IJ denied his due process rights and "caused the breach of [his] right to confidentiality" when she ordered him to review the contents of his asylum application with his attorney in the immigration court waiting room. A petitioner is required to raise to the BIA the specific issues he later raises in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1 (2d Cir.2007). Uddin concedes that he failed to exhaust his due process argument before the BIA. Because the Government has raised Uddin's failure to exhaust his due process argument in its brief to this Court, we decline to consider that argument. *See Lin Zhong,* 480 F.3d at 107 n. 1.

When the BIA adopts the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Questions of law and the application of law to undisputed fact are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We conclude that the agency's adverse credibility determination is not supported by substantial evidence. The IJ drew an adverse inference as to Uddin's credibility based on his initial inability to recall the February 1991 incident in which he was stabbed. The IJ stated, "It seems unlikely that someone who in fact was stabbed at a political rally[ ] would have difficulty remembering what occurred to them." This reasoning is flawed, because although the record indicates that Uddin "initially" stated that he had forgotten what had happened because the incident occurred "a long time ago," he was soon able to describe what happened with ample detail. Moreover, the testimony that Uddin did provide was consistent with his account of the incident in his asylum application. Because the IJ made no mention of this testimony, we do not find that Uddin's initial statement was proper support for her adverse credibility determination. *See Secaida–Rosales,* 331 F.3d at 307 (finding that an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding).

The IJ also impugned Uddin's credibility because he failed to testify that the police burned him with cigarettes when he was arrested and in custody. However, this omission was not substantial when measured against the record as a whole. *See id.* at 309. Uddin's claim that he suffered persecution was based on three separate incidents in which he allegedly suffered serious physical harm: when the BNP allegedly attacked an Awami League gathering and he was stabbed in the hand and back; when the BNP allegedly attacked an Awami League mayoral campaign proces-

sion and he was arrested and beaten by the police; and when he was allegedly deceived by BNP supporters into going to someone's home and then beaten and thrown from the roof of a building. Taken in light of the series of events that form the basis of Uddin's claim of past persecution, his failure to testify that the police burned his hands with cigarettes was insufficient to render the rest of his testimony unbelievable. *See id.* (overturning adverse credibility determination that was based on petitioner's failure to include in his written application that his uncle's assassin had shot at him after shooting his uncle or that a friend had been killed during a student strike, as these details were insubstantial when measured against his claim of repeated death threats and his extensive discussion of other activities on which his claim was based).

These findings were central to the IJ's adverse credibility determination, and as a result, remand would not be futile, because we cannot confidently predict that the agency would reach the same decision absent those erroneous findings. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the motion for a stay of removal in this petition is DISMISSED as moot.